CARMEN BEATRIZ RAMÍREZ, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1611. Argued November 5, 1945.—Decided November 13, 1945.

J. A. *Surís Agraít* for petitioner. *José M. Ramírez de Arellano* for intervener, defendant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In a case of unlawful detainer originating in the Municipal Court of San Germán, the District Court of Mayagüez rendered judgment dismissing the complaint. Although the district judge did not render an opinion in deciding the case, he incorporated the following statement in the judgment:

"After weighing the documentary and oral evidence presented by the parties, and after carefully studying the briefs filed in connection with the special defenses pleaded by the defendant in his answer to the amended complaint, the court, in view of the evidence introduced, dismisses in all its parts the complaint filed herein and orders the plaintiff to pay the costs in this action but without including attorney's fees."

The plaintiff in that case moved the court to render an opinion in support of its judgment and the court, after hearing the parties, denied said motion, whereupon the plaintiff applied to this court for a writ of certiorari to review this action of the lower court.

 Although it is true that Rule 52(a) of the Rule of Civil Procedure provides in part as follows:

"In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . . . Requests for findings are not necessary for purposes of review. Findings of fact based on oral testimony shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."

it is obvious that the main purpose of such provisions is to enable the Supreme Court to determine whether the findings of fact and conclusions of law of the district court were justified, and the fact that said court has failed to set forth those findings and conclusions does not deprive a party of its right of review whenever the same is proper.

Pursuant to § 10 of the Unlawful Detainer Act (§ 629 of the Code of Civil Procedure), in actions of unlawful detainer not more than one appeal shall be allowed and, consequently, the judgment rendered by the lower court in this case is not appealable to this court. The fact that the lower court did not comply with Rule 52(a), *supra,* in a case like the present, is not a procedural error which justifies the issuance of the writ sought. The petition must be denied.